```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION
```

|  |  |
|---|---|
| CHRISTOPHER MULLINS and<br>JENNIFER MULLINS,<br><br>    Plaintiffs,<br><br>vs.<br><br>CON-WAY CENTRAL EXPRESS, INC.<br>and LB PARTNERS,<br><br>    Defendants.<br>─────────────────────────────<br>LB PARTNERS,<br><br>    Cross-Claimant,<br><br>vs.<br><br>CON-WAY CENTRAL EXPRESS, INC.<br><br>    Cross-Defendant. | NO. 2:17-CV-00078 |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Cross-Claim by XPO Logistics Freight, Inc., formerly d/b/a Con-Way Central Express, Inc. ("Con-Way") filed on June 30, 2017 (DE #35), and the Amended Motion to Dismiss Crossclaim filed by Con-Way on June 30, 2017 (DE #36). For the reasons set forth below, the Motion to Dismiss Cross-Claim is **DENIED AS MOOT** (DE #35). The Amended Motion to Dismiss Crossclaim is **DENIED** (DE #36).

1

BACKGROUND

Plaintiffs filed a lawsuit against defendants Con-Way and LB Partners alleging that Christopher Mullins ("Mullins") was injured as a result of an accident that occurred on the premises owned by LB Partners and occupied by Con-Way. LB Partners filed a cross claim against Con-Way, seeking indemnification based upon an indemnification provision contained in the Lease Agreement between Con-Way and LB Partners. Con-Way now moves to dismiss the cross claim.

DISCUSSION

As an initial matter, the Court notes that after Con-Way filed its motion to dismiss, it filed an amended motion to dismiss in which it stated that the motion to dismiss was mistakenly filed and was withdrawn and superseded by the amended motion. (DE #36 at 1 n.1.) The Court therefore denies as moot the motion to dismiss (DE #35).

Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal,* 556 U.S. 662, 678,

129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a motion to dismiss, a court may examine "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," without converting the motion to one for summary judgment. *Geinosky v. City of Chicago,* 675 F.3d 743, 745, n.1 (7th Cir. 2012) (collecting cases). Here, LB Partners' Cross Claim refers to and attaches the Lease Agreement, and Con-Way attached the Lease Agreement to its amended motion to dismiss. Therefore, the Court will consider the Lease Agreement without converting the amended motion to dismiss into a motion for summary judgment.

Facts

Plaintiffs' Amended Complaint for Damages ("Complaint") alleges that Mullins was injured as a result of an accident that occurred on the premises owned by LB Partners and occupied by Con-Way in Gary, Indiana. (DE #28, ¶¶2-4.) The Complaint alleges that on February 5, 2015, Mullins "was an invitee on the premises of the Defendants . . . when he slipped and fell on ice that had been allowed to accumulate on the parking lot by the defendants." (*Id.*, ¶4.) It further alleges that Mullins' "injuries and damages were the responsible result of the carelessness and negligence of agents and/or employees of the Defendants in failing to properly inspect and maintain the property, failing to maintain a hazard free and safe environment and failing to warn of the danger." (*Id.*, ¶7.)

LB Partners filed a Cross Claim for Indemnity ("Cross Claim") against Con-Way based upon the terms of the Lease Agreement. (DE #34.) LB Partners leased the subject premises to Con-Way pursuant to a Lease Agreement dated July 3, 1989. (*Id.*, ¶2.) The Third Amendment to the Lease Agreement dated September 5, 2012, extended the original Lease Agreement for an additional three-year period expiring on November 30, 2015. (*Id.*) Thus, the Lease Agreement was in effect on February 5, 2015, when the alleged incident occurred. (*Id.*)

The Lease Agreement provides in pertinent part:

4

> Tenant [Con-Way] shall indemnify and hold Landlord [LB Partners] harmless against any and all claims and demands arising from the negligence of the Tenant [Con-Way], it [*sic*] officers, agents, invitees and/or employees, as well as those arising from Tenant's [Con-Way's] failure to comply with any covenant of this Lease Agreement on its part to be performed and shall at its own expense defend the Landlord [LB Partners] against any and all suits or actions arising out of such negligence, actual or alleged, and all appeals therefrom and shall satisfy and discharge any judgment which may be awarded against Landlord [LB Partners] in any such suit or action.
>
> Likewise, Landlord [LB Partners] shall indemnify and hold Tenant [Con-Way] harmless against any and all claims and demands arising from the negligence of the Landlord [LB Partners], its officers, agents, invitee and/or employees, as well as those arising from Landlord's [LB Partners'] failure to comply with any covenant of this Lease Agreement on its part to be performed, and shall at its own expense defend the Tenant [Con-Way] against any and all suits or actions arising out of such negligence, actual or alleged, and all appeals therefrom and shall satisfy and discharge any judgment which may be awarded against Tenant [Con-Way] in any such suit or action.

(DE #34-1 at 6.) The Lease also provides:

> 12. <u>LANDLORD'S REPAIRS AND MAINTENANCE</u>. Landlord [LB Partners] at its cost shall maintain, in good condition, the structural parts of the building and other improvements that are part of the leased premises which structural parts include only the foundations, bearing and exterior walls, subflooring and roof.
>
> 13. <u>TENANT'S REPAIR AND MAINTENANCE</u>. Except as provided in paragraph 12 above, Tenant [Con-Way] at its cost shall maintain, in good condition all portions of the leased premises. . . .

(*Id*. at 5.)

The Cross Claim alleges that pursuant to these provisions of the Lease Agreement, Con-Way has a duty to defend and indemnify LB

5

Partners for Plaintiffs' claim. It also asserts that LB Partners will be damaged if Con-Way fails to reimburse it for defense and indemnity costs incurred in connection with the defense of Plaintiffs' claims.

Motion to Dismiss

Con-Way relies upon *Hagerman Construction Corporation v. Long Electric Company,* 741 N.E.2d 390 (Ind. Ct. App. 2000), to argue that the Cross Claim should be dismissed. In *Hagerman*, the parties agreed that if Hagerman was solely responsible for a third party's injuries, there should be no indemnification by Long. *Id*. at 392. The issue was whether, pursuant to an indemnification clause in the parties' contract, Long was required to indemnify Hagerman for Hagerman's own negligence if Long was also at fault. *Id*. *Hagerman* provides:

> Absent prohibitive legislation, no public policy prevents parties from contracting as they desire. *Moore Heating & Plumbing, Inc. v. Huber, Hunt & Nichols*, 583 N.E.2d 142, 145 (Ind. Ct. App. 1991). For instance, in Indiana a party may contract to indemnify another for the other's own negligence. However, this may only be done if the party knowingly and willingly agrees to such indemnification. *Id*. Such provisions are strictly construed and will not be held to provide indemnification unless it is so stated in clear and unequivocal terms. *Id*. We disfavor indemnity clauses because we are mindful that to obligate one party to pay for the negligence of another is a harsh burden that a party would not lightly accept. *Id*.
>
> This Court has followed a two-step analysis to determine whether a party has knowingly and willingly accepted

> this burden. First, the indemnification clause must
> expressly state in clear and unequivocal terms that
> negligence is an area of application where the
> indemnitor (in this case, Long) has agreed to indemnify
> the indemnitee (in this case, Hagerman). *Id.* at 146.
> The second step determines to whom the indemnification
> clause applies. Again, in clear and unequivocal terms,
> the clause must state that it applies to indemnification
> of the indemnitee (in this case, Hagerman) by the
> indemnitor (in this case, Long) for the indemnitee's own
> negligence. *Id*.

*Id*. at 392. Here, Con-Way acknowledges that under the Lease Agreement's indemnification provision, "where the party's liability is based solely on a theory of vicarious liability, there is a duty to indemnify to that limited extent." (DE #37 at 3.) Con-Way argues that the Cross Claim should be dismissed because LB Partners cannot identify clear and unequivocal terms in the Lease Agreement that would indicate that Con-Way knowingly and willingly agreed to indemnify LB Partners for its own negligence.

LB Partners does not deny that Con-Way has no duty to indemnify LB Partners for its own negligence under the Lease Agreement. Rather, LB Partners maintains that its liability is premised on Con-Way's allegedly negligent failure to properly maintain the parking lot where Mullins fell. (*See* DE #28, ¶4 (Plaintiffs allege that Mullins was injured "when he slipped and fell on the ice that had been allowed to accumulate on the parking lot by the defendants").) The Lease Agreement provides that Con-Way "shall maintain, in good condition all portions of the leased premises" except the foundations, bearing and exterior walls,

7

subflooring and roof.  (DE #34-1, at 5.)  The Cross Claim asserts that "[p]ursuant to the Lease Agreement, Con-Way had the sole and exclusive duty to maintain the parking lot."  (DE #35, ¶5.)

Con-Way maintains that while a landlord may be liable for its own negligence, it is not vicariously liable for areas under the control of the tenant. *See Olds v. Noel*, 857 N.E.2d 1041, 1044 (Ind. Ct. App. 2006) ("As a general rule, . . . a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant or other persons lawfully upon the leased property.").  Con-Way insists that the Cross Claim must be dismissed because "LB Partners may only be liable for its own negligence; therefore, Con-Way has no duty to indemnify LB Partners (for its own negligence)."  (DE #39 at 3.)  As noted above, there is no dispute that the Lease Agreement does not provide that Con-Way indemnify or defend LB Partners for LB Partners' own negligence.  But the Lease Agreement does provide that Con-Way shall indemnify and defend LB Partners against actions arising out of Con-Way's actual or alleged negligence.

Accepting the Cross Claim's allegations as true and drawing all reasonable inferences in favor of LB Partners, the Court finds the Cross Claim sufficiently alleges that:

    (1) LB Partners and Con-Way entered into the Lease Agreement
        which included an indemnification provision;

(2) the Lease Agreement provides that Con-Way shall indemnify LB Partners for claims and demands made arising from Con-Way's negligence, and defend LB Partners against actions arising out of such negligence, actual or alleged;

(3) the Lease Agreement provides that Con-Way shall maintain in good condition all portions of the leased premises, with exception of the foundations, bearing and exterior walls, subflooring and roof;

(4) the Complaint alleges that Mullins was injured as a result of ice that had been allowed to accumulate on the leased premise's parking lot;

(5) Con-Way had the sole and exclusive duty to maintain the parking lot where Mullins allegedly fell; and

(6) pursuant to the Lease Agreement, Con-Way has a duty to defend and indemnify LB Partners for Plaintiffs' claims.

Accepting these allegations as true and drawing all reasonable inferences in LB Partners' favor, the underlying Complaint appears to be an action arising out of Con-Way's alleged negligence, which is the type of action Con-Way agreed to defend LB Partners against under the Lease Agreement. The Court therefore denies Con-Way's amended motion to dismiss.

<u>CONCLUSION</u>

For the reasons set forth above, Con-Way's Motion to Dismiss Cross-Claim is **DENIED AS MOOT** (DE #35).  The Amended Motion to Dismiss Crossclaim is **DENIED** (DE #36).


**DATED: December 18, 2017**         **/s/ RUDY LOZANO, Judge**
                                     **United States District Court**